IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

LIGHTHOUSE RESCUE MISSION, INC.                          PLAINTIFF

V.                                    CIVIL ACTION NO. 2:12-CV-184-KS-MTP

CITY OF HATTIESBURG,
MISSISSIPPI                                               DEFENDANT

MEMORANDUM OPINION AND ORDER

This case involves claims under the Religious Land Use and Institutionalized

Persons Act ("RLUIPA"),[1] the Fair Housing Act ("FHA"),[2] and 42 U.S.C. § 1983. On

November 7, 2013 – after the parties had completed discovery, fully briefed their

dispositive motions, and were awaiting the Court's rulings before a pretrial conference

and trial – the parties entered into a settlement agreement [76], pursuant to which

they agreed that "the Court will award Plaintiff attorney fees and costs" under 42

U.S.C. § 1988 after a round of briefing. After considering the parties submissions, the

Court **grants in part** Plaintiff's Motion for Attorney Fees [77] and awards Plaintiff

$148,682.41 in attorney's fees and $20,106.59 in costs and expenses.

The Court may, in its discretion, allow the prevailing party in an RLUIPA case

"a reasonable attorney's fee as part of the costs . . . ." 42 U.S.C. § 1988(b). The Court

uses the "lodestar" method to calculate an award of fees under Section 1988. *Hensley*

---

[1] 42 U.S.C. § 2000cc, *et seq.*

[2] 42 U.S.C. § 3601, *et seq.*

*v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983). The Court must first "determine the compensable hours from the attorneys' time records, including only the hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). Then, the Court "must select an appropriate hourly billing rate based on prevailing community standards for attorneys of similar experience in similar cases." *Id.* The Court then multiplies the number of compensable hours by the hourly rate to produce the "lodestar" amount. *Id.*

After the determining the lodestar, the Court may adjust it to account for a variety of factors. *Id.* at 320. The pertinent factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 320 n. 6 (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)). When applying the *Johnson* factors, the Court should "be careful, however, not to double count a . . . factor already considered in calculating the lodestar . . . ." *Id.* at 320. The Court must also "explain with reasonable degree of specificity the findings and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied." *Id.* Upward adjustments to the lodestar based on these factors "are proper only in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings . . . ." *Id.*

2

Plaintiff requests $258,234.50 in fees and expenses – $230,144.70[3] in fees to Dalton & Tomich, PLC; $1,842.50 in fees to Sheldon & Parker, PLLC; $6,140.71 in fees and expenses to The Holmes Law Firm; and $20,106.59 of costs and expenses to Dalton & Tomich, PLC. Defendant presented several objections, which the Court will address before it conducts the lodestar calculation and *Johnson* analysis.

## A.    *Prevailing Party / Degree of Success*

Under Section 1988, the Court may award fees to the "prevailing party." 42 U.S.C. § 1988(b). Defendant admits that Plaintiff is the prevailing party. Indeed, the parties agreed [76] that "the Court will award Plaintiff attorney fees and cost," and that "Plaintiff is the prevailing party in this case on its federal constitutional claims and claims arising under [RLUIPA], entitling it to attorney fees and cost pursuant to § 1988 . . . ." Therefore, the Court concludes that Plaintiff is the prevailing party and entitled to an award of reasonable attorney's fees.

Despite stipulating [76] that Plaintiff is the prevailing party on all of its claims, Defendant now suggests that the requested fee award is unreasonable because it is not

---

[3]In its reply, Plaintiff included an updated billing statement from Dalton & Tomich, PLC which reflects fees incurred after the filing of its original brief. Plaintiff then requested more fees in a sur-reply [93] filed without leave from the Court. The Court declines to consider the updated billing statement as Defendant had no opportunity to respond to it. *Cf. Gillaspy v. Dallas Indep. Sch. Dist.*, 278 F. App'x 307, 315 (5th Cir. 2008) (the court does not consider arguments raised for the first time in reply briefs). The Court also declines to consider Plaintiff's sur-reply as it was filed without leave of the Court. *Patton v. Bryant*, 2014 U.S. Dist. LEXIS 900, at *15 (S.D. Miss. Jan. 6, 2014) (striking sur-reply filed without leave of court). In its original brief, Plaintiff requested varying fee amounts for Dalton & Tomich, PLC. The Court will address this issue below.

proportional to Plaintiff's degree of success in this matter. Plaintiff originally sought a zoning change from R-1A, Single-Family Residential, to B-2, Neighborhood Business. The parties eventually agreed that the property would remain zoned R-1A, but that Plaintiff would be granted a use permit which would allow it to use the property for its various ministry operations, including overnight sheltering in residential units. At several points in its brief, Defendant suggests that Plaintiff did not substantially prevail in this matter because it did not obtain the specific relief it sought.

This argument has no merit. First, Defendant waived it by voluntarily entering into a settlement agreement that explicitly provides that Plaintiff prevailed on all of its claims. Therefore, while Defendant may raise objections to specific billing entries on grounds of redundancy, excessiveness, or unreasonableness, *see Abner v. Kan. City S. Ry. Co.*, 541 F.3d 372, 383 (5th Cir. 2008), it may not now argue that Plaintiff was generally unsuccessful in this litigation.

More importantly, Defendant defines "success" far too narrowly. A fee award may be "unreasonable if a court has failed to adequately consider the relationship between the amount of the fee awarded and the results obtained." *Id.* at 379 (punctuation omitted). In fact, the relationship between the amount of fees and the results obtained in the case is one of the *Johnson* factors. *See Shipes*, 987 F.2d at 320 n. 6. In a civil rights case like this one, "the district court should focus on the significance of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Hensley*, 461 U.S. at 435. The Court should focus on the "ultimate result of the case." *Abner*, 541 F.3d at 383; *see also Hensley*, 461

U.S. at 435.

Here, Plaintiff is getting what it ultimately wanted: a permit to operate a residential ministry on the subject property. According to the complaint, Plaintiff only sought a zoning change because City officials represented that it was necessary for issuance of the use permit. Therefore, Plaintiff obtained the substantial relief it sought – a factor the Court will consider as it assesses Plaintiff's fee request.

## B.   *Reasonableness of Rates*

Next, Defendant argues that the hourly rates charged by two of Plaintiff's attorneys in this matter are unreasonable. Under the lodestar analysis, Plaintiff's counsel must charge an "appropriate hourly rate based on prevailing community standards for attorneys of similar experience in similar cases." *Shipes*, 987 F.2d at 319. But the "hourly fee awarded must be supported by the record; the district court may not simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." *McClain v. Lufkin*, 649 F.3d 374, 383 (5th Cir. 2011).

### 1.   *Joseph Parker*

First, Defendant argues that Joseph Parker's hourly rate of $200.00 is unreasonable because he has only practiced law since 2007. In civil rights cases, this Court has approved hourly rates from $150.00/hour to $275.00/hour.[4] In support of his

---

[4]*See Riley v. City of Jackson*, 2 F. Supp. 2d 864, 878 (S.D. Miss. 1997) (approving rates of $150.00-$175.00/hour in civil rights case); *Howard v. Jackson Express Hotel Invs., LLC*, 2010 U.S. Dist. LEXIS 90272, at *5 (S.D. Miss. July 30, 2010) (approving rate of $175.00/hour in labor case); *Minter-Smith v. Mukasey*, 2008 U.S. Dist. LEXIS 41313, at *39 (S.D. Miss. May 22, 2008) (approving rate of $150.00-$200.00/hour in employment discrimination case); *Ladner v. Hancock Med.*

fee request, Parker did not provide any affidavits or other documentation establishing that $200.00/hour was a reasonable hourly rate in civil rights cases in this District for an attorney of his experience. Defendant presented an affidavit [82-4] from its attorney, James Gladden, stating that $200.00-$275.00/hour is a typical rate in this District for attorneys with 15-25 years of experience, while $100.00-$150.00/hour is a typical rate for attorneys with 1-2 years of experience.

Gladden's affidavit [82-4] is the only evidence in the record probative of the customary hourly rate in this District for attorneys with Parker's level of experience. The Court will split the difference between Gladden's figures and reduce Parker's rate from $200.00/hour to $175.00/hour. This change reduces Parker's requested fees from to $1,842.50 to $1,622.50.[5]

    2.    *Daniel Dalton*

Next, Defendant argues that Daniel Dalton's hourly rate of $390.00 is unreasonably excessive. In support of Dalton's requested hourly rate, Plaintiff presented a declaration [77-7] from one of its other attorneys, Joseph Parker. Parker declared that Dalton's rate was "on the high end of that charged by Hattiesburg attorneys," but that "his nationally renowned reputation in the area of religious land use litigation and the exceptional results he has obtained justify a slightly higher rate." Defendant presented an affidavit [82-4] from its attorney, James Gladden, in which he

---

*Servs.*, 2008 U.S. Dist. LEXIS 9978, at *8 (S.D. Miss. Jan. 14, 2008) (approving rate of $250.00-$275.00/hour in employment discrimination case).

    [5](8.8 hours)($175.00 / hour) + (1.1 hours)($75.00 / hour) = $1,622.50

stated that $200.00-$275.00/hour is a typical rate for attorneys with 15-25 years of practice experience in this District.

Plaintiff did not present any evidence that retaining out-of-district counsel was "necessary to secure adequate representation" in this matter. *McClain*, 649 F.3d at 383 (referring to "unusual cases where out-of-district counsel are proven to be necessary to secure adequate representation for a civil rights plaintiff"). Generally, "the relevant market for purposes of determining the prevailing rate to be paid in a fee award is the community in which the district court sits . . . ." *Scham v. District Courts Trying Crim. Cases*, 148 F.3d 554, 559 (5th Cir. 1998). Neither Dalton's [77-5] nor Parker's [77-7] declaration speaks to the customary hourly rate for an attorney in this District with Dalton's experience, but Dalton's declaration demonstrates that he specializes in RLUIPA litigation.

In light of Dalton's experience and specialization in RLUIPA litigation, the Court concludes that a rate of $325.00/hour is appropriate. The Court arrived at this rate by adding a modest enhancement for Dalton's particular expertise ($50.00/hour) to the upward boundary of customary rates in this District ($275.00), as asserted by Gladden [82-4].[6]

---

[6]The Court emphasizes that it is bound by the record and can not "simply rely on its own experience in the relevant legal market to set a reasonable hourly billing rate." *McClain*, 649 F.3d at 383. The Court's conclusions in this fee award should not be construed as commentary on the acumen of the attorneys involved.

Plaintiff cited *PIC Group, Inc. v. LandCoast Insulation, Inc.*, 2011 U.S. Dist. LEXIS 88894, at *13-*14 (S.D. Miss. Aug. 9, 2011), a case in which the undersigned judge approved a rate of $400.00/hour and noted that it "represents the upper boundary of the rates the Court will award to Mississippi litigators . . . ." Again, the

Determining the effect this change has on Plaintiff's fee request is problematic, as Plaintiff failed to provide the Court with a tally of the total number of hours each Dalton & Tomich attorney expended on the case. Furthermore, Plaintiff provided disparate figures as to the amount of fees it seeks for Dalton & Tomich. In its brief [77-1], Plaintiff requested $230,144.70 in fees for Dalton & Tomich and represented that this figure accounted for a "billing judgment" reduction of $22,750.00 for 130 hours.[7] In support of the request, Plaintiff presented an accounting from Dalton & Tomich [77-6] showing 1,039.90 total hours billed for a total of $252,894.70. However, in Dan Dalton's declaration [77-5], he stated that Plaintiff seeks $219,173.20 in fees for Dalton & Tomich, and Plaintiff provided no explanation for the difference.

For the moment, the Court will assume that the numbers provided in the accounting [77-6] control, although it will revisit Dalton's declaration in the next section of this opinion. Plaintiff voluntarily excluded $22,750.00 from the total figure, bringing the fee request down to $230,144.70 for Dalton & Tomich. After Dalton's rate

---

Court is bound by the record, and the only evidence in the record as to the customary rate for attorneys in this District is the affidavit [82-4] from Defendant's attorney, James Gladden. Furthermore, the undersigned judge recalls *PIC*'s complications, which included underlying and parallel tort cases, complex commercial indemnity agreements, spoliation of ESI, special master's investigation, and sanctions. This case is no *PIC*.

[7]Plaintiff failed to specify whose hours were cut. This is one of several briefing deficiencies on both sides of this motion. Neither party provided sufficient detail – apparently relying upon the Court to go into Dalton & Tomich's billing logs and separate out the total hours billed by each attorney. Although the parties' briefs focused less on specific figures than broad, generalized arguments, lack of detail in briefing makes it substantially more difficult for the Court to assess a motion for fees.

reduction,[8] the figure is reduced by another $29,100.50,[9] bringing the Dalton & Tomich fee request down to $201,044.20.[10]

## C.    *Reasonableness of Time*

Defendant also contends that Plaintiff's counsel billed an unreasonable number of hours on this matter. First, Defendant presented specific line-item objections to billing entries from The Holmes Law Firm.[11] Defendant contends that several of the entries lack sufficient specificity. Holmes certainly could have provided greater detail in her billing statements – and should do so in future cases – but the information she provided [77-4], in conjunction with her declaration [77-3], is barely sufficient to support a fee award. Defendant also argues that several of the Holmes billing entries are duplicative of tasks billed by Dalton & Tomich, an issue addressed below.

Defendant also presented less specific objections concerning the total number of hours Dalton & Tomich expended on broad categories of tasks in litigation (i.e. research, discovery, etc.).[12] In Dalton's declaration [77-5], he recommends that the Court exclude 185 of his firm's "total hours billed in order to avoid redundant or excessive charges." The Court accepts his recommendation, and it will exclude 185 of

---

[8]The Court will assume that none of the hours cut by "billing judgment" were Dalton's.

[9](Dalton's total time of 447.7 hours)($390.00 / hour) − (447.7 hours)($325.00 / hour) = $29,100.50

[10]$230,144.70 − $29,100.50 = $201,044.20

[11]These are located on pp. 4-5, ¶ 10 of Defendant's brief [82].

[12]These are located on pp. 5-8,¶¶ 11, 16 of Defendant's brief [82].

Dalton's billed hours. This adjustment reduces Dalton & Tomich's fee request by another $60,125.00[13] and brings its total amount down to $140,919.20.[14] In the Court's opinion, this reduction is sufficient to address Defendant's concerns of duplicate and excessive billing.

Therefore, after addressing Defendant's concerns about the reasonableness of Plaintiff's counsel's time and rates, the total fee request has been reduced to $148,682.41.[15] This is the Court's lodestar.

**D.  Johnson *Factors***

The Court considered the *Johnson* factors, *see Shipes*, 987 F.2d at 320 n. 6, and concluded that no further adjustments are required beyond those already addressed in the lodestar analysis above. *Id*. at 320.

**E.  *Expenses***

Plaintiff also seeks $20,106.59 for Dalton & Tomich's costs and expenses, such as airfare, meals, lodging, postage, transcripts, car rental, and expert fees.[16] "An award for out-of-pocket expenses incurred by counsel for the prevailing parties is limited to those expenses which the attorney would normally, customarily, and routinely bill a

---

[13](185 hours) ($325.00 / hour) = $60,125.00

[14]$201,044.20 − $60,125.00 = $140,919.20

[15]Holmes Law Firm's $6,140.71 + Dalton & Tomich's $140,919.20 + Sheldon & Parker's $1,622.50 = $148,682.41

[16]Holmes Law Firm's expenses of $117.46 were included in its fee request [77-4]. Defendant did not object to them. Regardless, the Court finds that they were reasonable expenses of the sort typically billed to fee-paying clients.

fee-paying client." *Beamon v. Ridgeland*, 666 F. Supp. 937, 946 (S.D. Miss. 1987) (quoting *Loewen v. Turnipseed*, 505 F. Supp. 512, 517 (N.D. Miss. 1980)).

Defendant argues that the Court should exclude the charges for Plaintiff's expert reports because they were unnecessary and too expensive. Plaintiff's counsel expended $14,145.00 on two experts – $7,130.00 for Jacques A. Gourguechon, an expert in city planning; and $7,015.00 for Dr. Catherine Lemieux, an expert in recovery programs like the one Plaintiff intends to run on the subject property. Defendant contends that the fees are excessive because the experts failed to inspect the subject property, ignored relevant Mississippi law, and relied upon information provided by Plaintiff.

Defendant's arguments resemble those typically raised in a *Daubert* motion, but it failed to conduct a *Daubert* analysis or otherwise cite any legal authority on this issue. Section 1988 provides that the Court, "in its discretion, may include expert fees as part of the attorney's fee." 42 U.S.C. § 1988(c). The Court examined the expert reports prepared by Gourguechon [56-7] and Lemieux [56-33]. Both experts' testimony was relevant to the issues presented by this case, and, in the Court's experience, their fees are not atypical. The Court will award the full amount of expert's fees.

Next, Defendant objects to Dalton & Tomich's travel expenses because Plaintiff failed to provide sufficient documentation. Plaintiff remedied this oversight in reply [83-6], providing itineraries and credit card billing statements. The Court will allow the travel expenses, as they are the sort of expenses typically billed to a fee-paying client. *Beamon*, 666 F. Supp. at 946.

Defendant did not object to any of Plaintiff's other expenses, but they are all of

the sort typically billed to a fee-paying client. *Id.* Therefore, the Court will allow them. Plaintiff's total expenses are $20,106.59.

**F.   *Conclusion***

For the reasons stated above, the Court **grants in part** Plaintiff's Motion for Attorney Fees [77] and awards Plaintiff $148,682.41 in attorney's fees and $20,106.59 in costs and expenses.

SO ORDERED AND ADJUDGED this 23rd day of April, 2014.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE