IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**LIGHTHOUSE RESCUE MISSION, INC.**                                            **PLAINTIFF**

V.                                           CIVIL ACTION NO. 2:12-CV-184-KS-MTP

**CITY OF HATTIESBURG,
MISSISSIPPI**                                                                **DEFENDANT**

<u>**MEMORANDUM OPINION AND ORDER**</u>

For the reasons stated below, the Court **grants in part and denies in part** Plaintiff's Motion for Attorney's Fees [105]. Pursuant to the parties' Agreed Order [104] of June 30, 2014, and the civil contempt analysis below, the Court awards Plaintiff $6,050.00 in attorney's fees as compensation for its cost to enforce the previously entered Agreed Orders [76, 99, 104].

**A.     Background**

This case involves claims under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"),[1] the Fair Housing Act ("FHA"),[2] and 42 U.S.C. § 1983. The subject property is a women's shelter operated by a local religious organization. On November 7, 2013, the parties entered into an agreed order [76] settling the case. They agreed that Defendant would "inspect Plaintiff's property" and "provide and process all necessary and required permits for a certificate of occupancy no later than

---

[1] 42 U.S.C. § 2000cc, *et seq.*

[2] 42 U.S.C. § 3601, *et seq.*

December 15, 2013."

On March 12, 2014, Plaintiff filed a Motion for Contempt [86], claiming that Defendant had not inspected the premises or issued any permits or a certificate of occupancy ("CO"). Defendant responded [89] to the motion, and the Court held a hearing on April 15, 2014, at which it heard testimony and argument concerning the inspection process. The Court granted the motion for contempt in part and deferred ruling in part [99]. The Court ordered Defendant to complete its inspection of the premises and issue a building permit and temporary CO to Plaintiff on or before May 1, 2014. Upon completion of a "dorm mother" suite, Defendant was to issue a permanent CO. The Court deferred ruling on the issue of fees until Defendant had complied with the Court's order.

On May 14, 2014, Plaintiff renewed its Motion for Contempt [100], representing that the Defendant had once again failed to comply with the Court's order. The Court set a hearing [102] and ordered representatives of the parties with full decision-making authority to appear. It also ordered Defendant to be prepared to present evidence – including but not limited to relevant public records and the testimony of its employees or agents with knowledge of Defendant's inspection, permitting, and CO issuance process with respect to Plaintiff and other parties.

Defendant responded [103] to the renewed Motion for Contempt. It denied Plaintiff's allegations and claimed that it had continually requested that Plaintiff provide it with information necessary to conduct the inspections. Defendant contended that Plaintiff had failed to comply with the Agreed Order's [76] requirement that the

parties "cooperate with one another in good faith" and commit "any action with is necessary" to consummate the agreement.

The parties and counsel appeared for a hearing on June 25, 2014. At the suggestion of the Court, they were able to settle their disagreement and jointly reach a plan of action to finally put this matter to rest. On June 30, 2014, the Court entered the parties' latest Agreed Order [104], which includes far more specific deadlines and requirements than the previous ones. With respect to Plaintiff's attorney fees for enforcement of the settlement, the parties agreed that the Court would decide the issue after a round of briefing. Plaintiff's Motion for Fees [105] is now fully briefed and ready for the Court's review.

## B.  *Civil Contempt*

The civil contempt analysis is relatively simple. To prove civil contempt, the movant must demonstrate "(1) that a court order was in effect, and (2) that the order required certain conduct by the respondent, and (3) that the respondent failed to comply with the court's order. To determine compliance with an order, the court simply asks whether the respondent" did what the order required. *FDIC v. LeGrand*, 43 F.3d 163, 170 (5th Cir. 1995). "If he has not, the burden shifts to the respondent to rebut this conclusion, demonstrate an inability to comply, or present other relevant defenses." *Id.* "Willfulness is not an element of civil contempt." *Petroleos Mexicanos v. Crawford Enters.*, 826 F.2d 392, 401 (5th Cir. 1987). "In a civil contempt proceeding, the movant bears the burden of establishing the elements of contempt by clear and convincing evidence." *Travelhost, Inc. v. Blandford*, 68 F.3d 958, 961 (5th Cir. 1995).

Defendant plainly failed to comply with the November 2013 Agreed Order [76]. The Order provided: "The City of Hattiesburg shall inspect Plaintiff's property located at 204 Eupora, Hattiesburg, Mississippi 39401 as a residential property . . . and process all necessary and required permits for a certificate of occupancy no later than December 15, 2013." Defendant did not comply with these requirements, and it admits as much in briefing.

Defendant contends, however, that it was unable to comply with the order. The inability to comply with an order is a defense to civil contempt. *United States v. Rylander*, 460 U.S. 752, 757, 103 S. Ct. 1548, 75 L. Ed. 2d 521 (1983). "Where compliance is impossible, neither the moving party nor the court has any reason to proceed with the civil contempt action. It is settled, however, that in raising this defense, the defendant has a burden of production." *Id.*

After two hearings on these issues, the Court is not convinced that Defendant was unable to comply with the order [76]. Defendant argues that Plaintiff failed to "provide the necessary responses" to inquiries regarding certain requirements for issuing permits and a CO, but Plaintiff's architect disputed this claim. Defendant also argues that its building inspection department was "significantly short of personnel." However, in a teleconference held on June 24, 2014, the attorneys represented to the Court that Defendant had issued *over a thousand permits* since the entry of the original Agreed Order [76]. Furthermore, Defendant's building inspector, Kevin Bates, testified on April 15, 2014, that he was simply unaware of what had been negotiated in the settlement, and that he would have made this matter a priority had he

4

understood its significance. Finally, it is noteworthy that the impediments to Defendant's compliance disappeared quickly after the Court's last hearing on this subject, which was the first hearing after the Court had granted Plaintiff a significant fee award [98].

The bottom line is that Defendant agreed to "inspect Plaintiff's property" and "provide and process all necessary and required permits for a certificate of occupancy no later than December 15, 2013." For the reasons stated above, Defendant has not carried its burden in proving that it was unable to move that process forward. Therefore, the Court concludes that an award of fees is appropriate.[3]

## C.   Fees

"Courts have, and must have, the inherent authority to enforce their judicial orders and decrees in cases of civil contempt. Discretion, including the discretion to award attorneys' fees, must be left to a court in the enforcement of its decrees." *Cook v. Ochsner Foundation Hospital*, 559 F.2d 270, 272 (5th Cir. 1977); *see also Rousseau v. 3 Eagles Aviation, Inc.*, 130 F. App'x 687, 690 (5th Cir. 2005). "Compensatory civil contempt reimburses the injured party for the . . . losses flowing from noncompliance and expenses reasonably and necessarily incurred in the attempt to enforce

---

[3]The Court also notes that Defendant endorsed an Agreed Order [104] which grants in part and defers ruling in part on the Motion for Contempt [100]. The Court only deferred ruling on the issue of fees, and Plaintiff withdrew its request for actual damages and a punitive daily fine. The Agreed Order [104] does not deny any aspect of Plaintiff's Motion for Contempt [100]. Therefore, Defendant's agreement to the Order's [104] entry can reasonably be construed as a tacit admission of civil contempt. The same is true of the Agreed Order [99] entered May 1, 2014.

compliance. An award of attorney's fees is an appropriate sanction where a party incurs additional expenses as a result of the other party's noncompliance." *Rousseau*, 130 F. App'x at 690 (punctuation and footnotes omitted).

As always, the Court uses the lodestar method to calculate an award of fees. *Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 490 (5th Cir. 2012). The Court must first "determine the compensable hours from the attorneys' time records, including only the hours reasonably spent." *Shipes v. Trinity Indus.*, 987 F.2d 311, 319 (5th Cir. 1993). Then, the Court "must select an appropriate hourly billing rate based on prevailing community standards for attorneys of similar experience in similar cases." *Id.* The Court then multiplies the number of compensable hours by the hourly rate to produce the "lodestar" amount. *Id.*

After the determining the lodestar, the Court may adjust it to account for a variety of factors. *Id.* at 320. The pertinent factors are:

> (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorney due to this case; (5) the customary fee; (6) whether fee is fixed or contingent; (7) time limitations; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 320 n. 6 (citing *Johnson v. Ga. Highway Express*, 488 F.2d 714, 717-19 (5th Cir. 1974)). When applying the *Johnson* factors, the Court should "be careful, however, not to double count a . . . factor already considered in calculating the lodestar . . . ." *Id.* at 320. The Court must also "explain with reasonable degree of specificity the findings

and reasons upon which the award is based, including an indication of how each of the *Johnson* factors was applied." *Id.* Upward adjustments to the lodestar based on these factors "are proper only in certain rare and exceptional cases supported by both specific evidence on the record and detailed findings . . . ." *Id.*

Plaintiff requests $11,450.00 in attorney's fees. Defendant presented several objections, which the Court will address before it calculates a lodestar and applies the *Johnson* factors.

    1.    *"Reviewed and Responded to Emails"*

First, Defendant argues that the Court should exclude billing entries for email review because they are excessive and vague. The Court "may properly reduce or eliminate hours when the supporting documentation is too vague to permit meaningful review." *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir. 1995). There is no precise standard of specificity, but the Court has the discretion to accept or reject fee applications which are "not illuminating as to the subject matter" or "vague as to precisely what was done." *Id.* "Litigants take their chances when submitting such fee applications, as they provide little information from which to determine the 'reasonableness' of the hours expended on tasks vaguely referred to as 'pleadings,' 'documents,' or 'correspondence' without stating what was done with greater precision." *Id.* at 327.

Plaintiff's billing statement [106-4] includes twenty-six entries labeled "Reviewed and Responded to E-Mails," accounting for 20.9 hours of billing. As these entries provide no information demonstrating that they are connected to this matter,

the Court agrees that they should be disallowed for vagueness.

      *2.     January 26-27, 2014*

Defendant argues that two entries on January 26-27, 2014, for reviewing the complete record of this matter should be excluded. Defendant contends that it was unnecessary for Plaintiff's counsel to review the complete record because everything that happened before the entry of the November 7, 2013, Agreed Order [76] is irrelevant to the issue of civil contempt. The Court disagrees. Plaintiff's current counsel was not retained until well after November 7, 2013, and one could not reasonably expect her to competently pursue the enforcement of the parties' settlement without some familiarity with the case's factual and procedural background. This objection is overruled.

      *3.     "Research Civil Contempt"*

Defendant argues that entries on February 16 and 23, 2014 for fourteen hours to research and prepare a civil contempt motion are excessive. The Court agrees. Plaintiff's counsel billed fourteen hours to research and prepare a motion for civil contempt. As noted above, the civil contempt standard is relatively simple. This is not a legal issue that requires significant expertise. Further, Plaintiff's counsel should have already been well-acquainted with the record, as addressed in Defendant's previous objection. The Court will reduce these time entries by fifty percent.

      *4.     Time Spent Seeking Resolution*

Finally, Defendant argues that most of the hours billed prior to February 16, 2014 should be disallowed as they were spent seeking an extrajudicial resolution of this

dispute before filing the first motion for contempt. Defendant further argues that this time was excessive, redundant, and unnecessary.

This objection is overruled. Plaintiff retained counsel to enforce a settlement agreement with which Defendant failed to comply. It was both proper and advisable for Plaintiff's counsel to try to resolve the matter informally before filing a motion for contempt. The amount of time spent was neither excessive nor unnecessary.[4]

5.   *Lodestar Calculation*

Having addressed Defendant's objections, the Court can now calculate the lodestar. Initially, the Court notes that 76.3 hours billed at an hourly rate of $125.00 per hour equals $9,537.50,[5] rather than the $11,450.00 Plaintiff requested. Plaintiff's submissions do not explain this discrepancy or otherwise account for the additional $1,912.50.[6] The Court can not assess the reasonableness of those fees without some form of documentation. Therefore, they are excluded from the lodestar.

Next, the Court reduces the lodestar by 20.9 hours for the vague "Reviewed and Responded to Emails" billing entries throughout the billing statement, bringing the

---

[4]The Court also notes that Defendant failed to cite any authority requiring the disallowance of fees for time spent negotiating an out-of-court resolution in an enforcement dispute like this. Furthermore, Defendant failed to specify which entries were excessive, the reason they were excessive, or the degree to which they were excessive.

[5](76.3 hours)($125.00 per hour) = $9,537.50

[6]$11,450 – $9,537.50 = $1,912.50

total time to 55.4 hours.[7] The Court further reduces the lodestar by seven hours for half of the "Research Civil Contempt" billing from February 16 and 23, 2014, bringing the total time to 48.4 hours.[8]

Defendant does not object to Plaintiff's hourly rate of $125.00 per hour, and the Court finds that it is an appropriate hourly billing rate based on prevailing community standards for attorneys of similar experience in similar cases. *Shipes*, 987 F.2d at 319. The lodestar, therefore, is $6,050.00.[9]

6.   Johnson *Factors*

The Court considered the *Johnson* factors, *see Shipes*, 987 F.2d at 320 n. 6, and concluded that no further adjustments are required beyond those already addressed in the lodestar analysis above. *Id.* at 320.

D. *Conclusion*

For the reasons stated above, the Court **grants in part and denies in part** Plaintiff's Motion for Attorney's Fees [105]. Pursuant to the parties' Agreed Order [104] of June 30, 2014, and the civil contempt analysis below, the Court awards Plaintiff $6,050.00 in attorney's fees as compensation for its cost to enforce the previously entered Agreed Orders [76, 99, 104]. Defendant shall remit payment within twenty-one (21) days of the entry of this order.

---

[7] 76.3 hours – 20.9 hours = 55.4 hours

[8] 55.4 hours – 7 hours = 48.4 hours

[9] (48.4 hours)($125.00 per hour) = $6,050.00

SO ORDERED AND ADJUDGED this 5th day of September, 2014.

                        *s/Keith Starrett*
                        UNITED STATES DISTRICT JUDGE